UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                              :

                - v. -                              :

JOSEPH CROCCO,                                        :
    a/k/a "Raleak,"

               Defendant.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF
FORFEITURE AS TO
SPECIFIC PROPERTY**

S1 24 Cr. 595 (CS)

WHEREAS, on or about March 4, 2025, JOSEPH CROCCO (the "Defendant"), was charged in a five-count Superseding Indictment, S1 24 Cr. 595 (CS) (the "Indictment"), with distribution of narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C) (Counts One, Two, and Five); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Three); and possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses charged in Counts One, Two, and Five of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in Counts One, Two, and Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two, and Five of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of all firearms involved in and used in the offenses charged in Counts Three and Four of the Indictment;

WHEREAS, on or about June 20, 2025, the Defendant was found guilty, following a jury trial, of Counts One through Five of the Indictment;

WHEREAS, the Government asserts that the following property that was seized by the Government on or about July 1, 2024 and July 24, 2024, on Overocker Road, in Poughkeepsie, New York, constitutes firearms and ammunition involved in the offenses charged in Counts Three and Four of the Indictment:

    a. A Mauser .32 caliber, semi-automatic handgun bearing serial number 85082, purchased from the defendant on July 1, 2024 (the "Firearm-1"); and

    b. Magazine with rounds of ammunition from the Firearm-1 (the "Magazine-1");

    c. Rounds from the chamber of the Firearm-1;

    d. Top round of ammunition from Magazine-1;

    e. A Browning BDA 380, .380 caliber, semi-automatic handgun bearing serial number 04413, purchased from the defendant on July 1, 2024 (the "Firearm-2");

    f. Magazine with rounds of ammunition from the Firearm-2 (the "Magazine-2");

    g. Top Round of ammunition from the Magazine-2;

    h. Second round of ammunition from Magazine-2;

    i. Numerous rounds of ammunition;

    j. Small Ziplock bag containing numerous rounds of ammunition;

k. Numerous cardboard boxes and one plastic box containing numerous rounds of ammunition; and

l. Numerous boxes of ammunition containing .32 caliber ammunition;

(a. through l., collectively, the "Specific Property);[1]

WHEREAS, the Government seeks the forfeiture of all his right, title and interest of the Defendant in the Specific Property as firearms and ammunition involved in the offenses charged in Counts Three and Four of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.     As a result of the offenses charged in Counts Three and Four of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant JOSEPH CROCCO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

---

[1] For avoidance of doubt, the above-listed Specific Property consists of the items introduced at trial in the above-captioned matter as the following Government Exhibits:  121, 122A, 122B, 122C, 123, 124A, 124B, 124C, 125, 126, 127, 128.

3.    Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.    The signature page of this Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

SO ORDERED:

_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

_3/17/26_
DATE